The opinion of the court was delivered by
Miller, J.
The plaintiff sues to recover the amount of insurance premiums collected by its agent, the defendant, and he reconvening ■claims damages for the alleged withdrawal of his agency. The judgment .of the lower court recognized defendant’s liability for the commissions, allowed him part of the damages claimed, and for the difference in plaintiff’s favor, rendered judgment, from which both parties appeal.
It seems that prior to July, 1893, the plaintiff had an agent in Monroe, conducting their insurance business; he had an arrangement with the defendant by which the agent only, was to be known in the business, but in point of fact, defendant was interested, or, as the agreement expresses it, owned the business, the ownership not to be disclosed, the agent to be solely responsible for all collections, receiving a stipulated portion of the commissions and profits. This arrangement was not known to plaintiff when their agency was created, but became known when their agent fell in arrears. In this condition plaintiff determined to change their agent and selected the defendant. . The negotiation that resulted in the selection is detailed in the testimony of the ' plaintiff’s secretary and the defendant, and it was conducted with *1092 knowledge of the plaintiff of the connection of their former agent with the defendant who was to take the agency. The defendant testifies in effect, that the proposition of plaintiff to him was that he should assume the debt of the former agent, in consideration of which the insurance agency should be transferred to him; that he told the secretary it would take two or three years before the defendant’s, commissions would refund him the debt he was to assume, and that estimate as to time, he testifies, was the result of the discussion between them, and with that understanding, the defendant testifies, he accepted the agency. The secretary, testifying on the same point, states there may have been some figuring as to the time required to refund defendant in commissions the indebtedness of the former agent; that would not, the witness adds, imply a continuous agency, nor would the plaintiff consider any such indefinite agency. He further testifies, he never asked that the defendant should assume the indebtedness of the former agent; it may have been a stipulation that he assume the balance on giving him the agency; and while in the course of the testimony of the secretary there are expressions that might be deemed to negative the contract alleged by defendant, still, in answering the question put to him on the subject, we find the expression of the witness’ belief that the transfer of the agency was in consideration of the assumption of the former agent’s debt, and in consideration of defendant’s employment of the former agent. In view of the fact, the secretary conducted the intercourse to which his belief refers; his form of expression carries great force, and does not seem materially to differ from the testimony of the defendant. Following this intercourse between the secretary and the defendant, he was appointed agent, paid the debt, amounting to one thousand six hundred and seventy-eight dollars and seventeen cents, the consideration, he testifies, of the transfer to him, and it is beyond dispute that within a short time after the plaintiff withdrew the agency, the commissions received, on which he testifies he was to rely for reimbursement, not then exceeding six hundred and fifty dollars, as against his outlay of near seventeen hundred dollars.
The amount of premiums collected in the period defendant was permitted to bold the agency, and for which the suit is brought, admits of no dispute. The contention is as to the reconventional demand that defendant is entitled to be reimbursed the amount paid plaintiff on the faith, he claims, of getting the agency, and for damages for its withdrawal.
*1093 We can appreciate the testimony of the secretary in reference to a continuous agency. It is natural no principal would favorably consider an agency to endure for all time, or indeed for any time, without that control consistent with the contract that principals usually retain. In this case it is manifest, the plaintiffs were seeking to secure from defendant the assumption and payment of the debt of the former agent, the loss of which might have been apprehended, and it is, we think, clear that the promise was held out by implication, at least, that if the defendant would pay the debt he should have the agency and its commissions as a means of reimbursement. An agency to be withdrawn at once would, of course, not be desirable, and it is quite certain the debt of seventeen hundred dollars was paid on the faith of the agency and its commissions. An examination of the testimony leads us to the conclusion that the agreement contemplated the retention of the agency by defendant until his outlay to obtain the appointment was returned to him in commissions. We do not find in the secretary’s testimony relating to the negotiation with defendant any material difference with the testimony of defendant. We have his positive testimony that was the agreement, and indeed he testifies that a longer duration of his agency was contemplated. In aid of his testimony we have the significance of the payment of the debt, quite natural on the theory of the agreement, but in any other aspect quite out of the usual course. The conclusion is forced on us that the withdrawal of the agency within the brief period after the plaintiffs secured the payment from defendant, violated the agreement and carried the obligation of indemnity to the defendant.
We have given consideration to the ground on which it is claimed plaintiff is to incur no liability. It is insisted defendant was bound for the debt he paid and can claim no reimbursement. This refers to the arrangement of the former agent and defendant under which he owned the insurance business conducted in the name of the former agent. If the plaintiff, with no knowledge of that arrangement, dealing always with their former agent as occupying that relation, conceived they could hold the defendant, it was their option to seek the enforcement of that liability. If, instead, they preferred to avoid the hazards of litigation and secure payment by promising to the defendant the agency with its commissions for that payment, and thus induced it, the plaintiffs can not now take the position they did not *1094 choose to take at first. They had full knowledge while their negotiations with defendant, as we understand the secretary’s testimony, of the relation of defendant with thei,r former agent, and the obligation arising out of their agreement can not, in our view, be defeated, because they now conceive and seek to urge the absence of basis for their engagement on the faith of which they obtained payment from defendant.
The defendant earnestly contends that besides reimbursement he is entitled to damages. We are referred to a case reported in the Insurance Law Journal in which it seems to have been held that probable profits would be allowed not as a measure of damages, but to aid the jury in their estimate of the damages to be awarded an insurance agent wrongfully removed. Our law is, we think, more rigid on this subject than is implied in this extract. Our courts, in this class of cases, are bound by the proof. We can see our way clear to give the plaintiff the indemnity of compelling plaintiff to make him whole for the money he paid not returned in earned commissions. This was the solution of the lower court, and we find no basis in the record to change the judgment, which is therefore affirmed with costs.