McBRIDE, Judge.
Plaintiff, who owns the upper apartment 3817 Octavia Street, verbally leased said premises to defendant, Pereira, for $55 per month on a month-to-month basis. The lease agreement was entered into on or about May 1, 1951. During the following August, defendant redecorated part of the-interior of the premises at his own expense and expended $386.50. About February 1, 1952, Mr. Stanley notified Pereira that he desired possession of the premises so that his niece, who was soon to be married, could occupy the premises with her husband. Pereira postulated that he should be reimbursed for the amount he had expended in making the improvements.
On April 1, 1952, plaintiff not only refunded the cost of redecoration but also advanced to defendant the sum of $30 to defray the expenses of his moving, in consideration of which Pereira bound himself in writing to vacate not later than May 15, 1952. Notwithstanding this agreement, defendant peremptorily defaulted by remaining in possession and in resisting the efforts to dispossess him; he,even went so far as to appeal to the Office of Rent Stablization at Washington, D. C. Pereira finally quit the premises about July 31, 1952.
Plaintiff, alleging that Pereira breached his contract, brought this action to recover the '$416.50 paid defendant. Pereira has appealed from an adverse judgment.
 Defendant’s only excuse for noncompliance with the contract is that it was impossible to locate other living quarters to which he could move. The fact it was inconvenient and perhaps most difficult for Pereira to carry out his solemn undertaking cannot avail as a defense. Picard Const. Co. v. Board of Com’rs of Caddo Levee Dist., 161 La. 1002, 109 So. 816. It is clear that plaintiff is entitled to a refund of the amount paid defendant as consideration for the contract. LSA-C.C. art. 1926 provides in part:
“On the breach of any obligation to do, or not to do, the obligee is entitled either to damages, or, in cases which permit it, to a specific performance of the contract, at his option, or he may require the dissolution of the contract, * * * »
Where one has been induced to make a payment of money for a consideration, the withdrawal or withholding of the consideration entitles the party making the payment to a return of his money. Mechanics’ and Traders’ Ins. Co. v. McLain, 48 La.Ann. 1091, 20 So. 278.
*339 There is absolutely no merit to the alternative plea that Pereira is due an offset for part of the costs of the improvements. The plea is grounded on the contention that Pereira thought he would be permitted to remain as tenant for an unlimited time, and it is most inequitable for plaintiff to réclaim the full amount of the improvements in view of Pereira’s tenancy of only a year. Counsel argue that Mr. Stanley should bear ’three-fourths of the amount in accordance with some sort of theoretical formula.
Pereira well knew that the month-to-month lease could be terminated at any time by 'his landlord, and if under that state of affairs he saw fit to voluntarily spend money for improvements, he did so at his own risk. Moreover, had Pereira complied with his contract to vacate the premises not later than May 15, 1952, the improvements would have cost him nothing.
The judgment appealed from is affirmed.
Affirmed.